IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



CHARLES E. JOHNSON, §
 §
 Plaintiff, §
 §
VS. § NO. 4:18-CV-614-A
 §
UNITED STATES OF AMERICA, §
 §
 Defendant. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, United States of America, to dismiss. The court, having considered the motion, the response of plaintiff, Charles E. Johnson ("Johnson"), the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Allegations

On July 30, 2018, Johnson filed his complaint, doc. 1[1], and attached thereto a request for permission to file it, doc. 3. Johnson alleged the following in his complaint and request for permission:

He is an inmate housed at the Federal Medical Center in Fort Worth and is in the care and custody of the Federal Bureau of

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:18-CV-614-A.

Prisons ("Bureau"). Doc. 1 at 2 ¶ 4. The Bureau, in violation of 18 U.S.C. § 4042(a)(2), negligently failed to provide Johnson medical treatment. Id. at 9 ¶¶ 29-30. Therefore, the government is liable to Johnson under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, for damages resulting from said negligence. Id. at 9 ¶ 31. Johnson filed an administrative claim with the Bureau, which it denied on January 10, 2018. Id. at 2 ¶¶ 6-7. He then filed a complaint in this court, in its case number 4:18-CV-538-O. Doc. 3 at 1. The court dismissed said action by order signed July 12, 2018, based on its conclusion that Johnson failed to pay sanctions levied by the United States District Court for the Western District of Texas. Id. The court's conclusion was false, however, because he paid the sanctions before the court issued its order of dismissal. Id. at 1-2. He then re-filed said complaint in this action. Id. at 1.

\* \* \* \* \* \* \*

Johnson sought in his complaint compensatory damages resulting from the government's alleged negligence. Doc. 1 at 9-10 ¶¶ 32-33.

II.

Grounds of the Motion

The government moves to dismiss Johnson's complaint for failure to state a claim upon which relief can be granted, based

2

on her belief that Johnson filed his complaint after the applicable limitations period expired.

III.

Analysis

A. Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to

state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B. No Plausible Claim for Relief Has Been Alleged

To state a plausible claim for relief under the FTCA, a plaintiff must allege that his action began "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." See 28 U.S.C. § 2401(b); Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987). "The six month limitation period begins the day after the denial notice is sent and ends the day before the same calendar date six months later." Scott v. U.S. Veterans' Admin., 929 F.2d 146, 146-47 (5th Cir. 1991) (per curiam) (citations omitted).

The FTCA's time limitations are not jurisdictional, so a court can toll them on equitable grounds. United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015). The plaintiff bears the

4

burden of alleging facts from which the court can infer that equitable tolling is justified. See Trinity Marine Prods. v. United States, 812 F.3d 481, 489 (5th Cir. 2016). To carry said burden, the plaintiff must allege that he acted diligently in preserving his claim. See Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984). He must also allege that he had no "adequate legal or statutory remedy to avoid the consequences of the statute of limitations." See Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995) (citing Justice v. United States, 6 F.3d 1474, 1480-81 (11th Cir. 1993) (holding that equitable tolling was unavailable in second suit, where first suit was dismissed for want of prosecution, because plaintiff failed to exercise diligence throughout litigation, and because he could have moved for reconsideration, moved for relief from judgment, or appealed)).

Johnson alleged that the Bureau denied his claim on January 10, 2018. Doc. 1 at 2 ¶¶ 6-7. He attached to his complaint a letter from the Bureau, which lists January 10, 2018, as the date on which the Bureau mailed him its notice of decision by certified mail.[2] Id. at 25. However, Johnson did not allege that

---

[2] In deciding whether to grant a motion to dismiss for failure to state a claim, the court can consider attachments to the complaint and documents incorporated into it by reference. Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc., 892 F.3d 719, 726 (5th Cir. 2018).

this action began within six months of that date, or July 10, 2018. Nor did he allege facts that support such an inference. He did not allege, for example, that he mailed his complaint, or that the clerk received it, on or before July 10, 2018.³ Thus, Johnson failed to allege facts from which the court can infer that this action began within the applicable limitations period.

Moreover, the court cannot infer, based on the facts alleged, that equitable tolling is justified. The only basis for such a finding that Johnson alleged is that the court's dismissal of his earlier action was erroneous. He alleged that he previously filed an identical complaint in this court, in its case number 4:18-CV-538-O, but that the court dismissed the action based on its mistaken belief that he failed to pay sanctions levied by the United States District Court for the Western District of Texas. Doc. 3 at 3-4. However, a review of the court's July 12, 2018 order of dismissal reveals that it also based its decision on his failure to obtain permission from a federal judge before filing his complaint, as he was ordered to

---

³It is unclear whether this action began when Johnson mailed his complaint, or when the clerk received it. See Houston v. Lack, 487 U.S. 266, 270-72 (1988) (mailbox rule applies to pro se prisoners); but see Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1252 (9th Cir. 2006) (collecting cases and noting that "virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims.").

do on three separate occasions.[4] Case No. 4:18-CV-538-O, Doc. 5 at 1-2. The record in that action does not indicate that Johnson requested permission to file his complaint, nor did Johnson allege that he did. For these reasons, the court cannot infer that he pursued his claims with due diligence throughout the litigation. Further, Johnson did not allege that other remedies, such as filing a motion for reconsideration, motion for relief from judgment, or appeal, were unavailable in his prior action. Thus, the court cannot infer that tolling the statute of limitations is justified.

IV.

Conclusion and Order

Because Johnson did not allege that he filed his complaint within the applicable limitations period, and because he did not allege that tolling said limitations is justified, the court cannot infer that the FTCA provides Johnson a plausible right to relief. As a result, the court finds that the government's motion to dismiss should be granted.

---

[4]In reviewing a motion to dismiss for failure to state a claim, the court can also consider "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Inc., 551 U.S. 308, 322 (2007); see also Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). The court may take judicial notice of public records. Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011); see also Fed. R. Evid. 201(b).

7

Therefore,

The court ORDERS that the government's motion to dismiss be, and is hereby, granted, and Johnson's claims in the above-captioned action be, and are hereby, dismissed.

SIGNED January 28, 2019.

/s/ John McBryde
JOHN McBRYDE
United States District Judge